UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARY D. MASSEY, | ) Case No. 1:18CV1759 |
| | ) |
| Petitioner | ) |
| | ) JUDGE JEFFREY HELMICK |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| BRIGHAM SLOAN, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Gary D. Massey ("Massey") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Massey*, Case No. 14 CR 000344 (Lake County Aug. 15, 2014). (R. 1, PageID #: 1; R. 10-1, RX 4.)

Massey's petition arises out of his 2014 guilty plea to murder in the Lake County (Ohio) Court of Common Pleas. (R. 1, petition, PageID #: 1; R. 10-1, RX 3, 4.) In his petition, Massey raises seven grounds for relief, verbatim:

> 1. Trial court erred and abused its discretion by denying appellant's motion to withdraw his guilty plea.
>
> 2. Appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness during the plea bargain stage of this case, as Massey's plea of guilty to the charge of murder despite the elements of the offense not being supported by the facts within the record therefore, Massey's sentence is contrary to law.
>
> 3. Massey's conviction and sentence is void or voidable because Massey was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution

when his attorney failed to timely file and litigate a motion to suppress illegally obtained evidence.

4. Massey was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when Massey's trial attorney failed to request a psychiatric evaluation for competency in light of Massey's known mental health history and the nature of the charges against him.

5. Massey was denied his constitutional right to Effective Assistance of Counsel as defense counsel coerced Massey into entering a guilty plea with the threat that Massey could be charged with Two (2) counts of Murder and a Sentence of Thirty (30) years to Life thereby making his guilty plea not Knowingly, Intelligently, and Voluntarily given.

6. Massey was denied his Constitutional Right to Effective Assistance of Counsel as defense counsel failed to investigate Mr. Massey's case, failed to interview potential witnesses and failed to prepare for trial and get evidence to present at trial.

7. Massey was denied Effective Assistance of Counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when Massey's trial counsel failed to request a pre-sentence investigation report (P.S.I.) herein.

(R. 1, petition, PageID #: 5, 6, 8, 9, 14.)

The respondent has filed a motion to dismiss (R. 10), asserting that Massey's federal habeas petition should be dismissed as untimely filed, and Massey has filed a brief in opposition (R. 12). For the following reasons, the magistrate judge recommends that the motion to dismiss be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); see also Franklin v. Bradshaw, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.") The state court of appeals provided the following factual and procedural background:

2

> The following facts are taken from the DVD of Mr. Massey's interrogation by the Eastlake Police Department, May 5, 2014.
>
> May 5, 2014, Mr. Massey was going to see his psychiatrist, Dr. Neil Steinberg. Mr. Massey suffers from bipolar disorder and depression, for which he takes Zoloft, Seroquel, and Lithium. He needed to refill his prescriptions. He contacted his friend, Timothy Martz, to go with him. The men got lost and returned to Mr. Martz' house in Eastlake, where they began drinking and using illicit drugs. Nobody else was present. This was about 10:00 a.m. About 11:00 a.m., the men got into an argument about going to see a mutual friend, "Billy," with whom Mr. Massey had an argument several months before. Mr. Martz rushed Mr. Massey, and began hitting him. Mr. Massey pulled a switch blade from his pocket, and stabbed Mr. Martz in or near the neck. Mr. Martz fell down, and Mr. Massey stomped on his neck several times. Mr. Massey noticed blood coming from Mr. Martz' mouth, and checked him for a pulse, finding none. Mr. Massey washed his hands, and left.
>
> The DVD of the interrogation reveals that Mr. Massey had a good recall of the events resulting in Mr. Martz' death, but was otherwise confused. The interrogation commenced about 4:00 p.m., and Mr. Massey had already been booked. However, he had absolutely no recollection of what he did in the intervening hours. He knew he had told his wife what had happened, but did not know when or how. The officers' questions indicate Mrs. Massey drove him to the police station—but Mr. Massey did not know how he had arrived.
>
> May 6, 2014, a complaint and summons charging Mr. Massey with murder in violation of R.C. 2903.02(A) was filed in the Willoughby Municipal Court. That same day, he entered a written plea of not guilty. Discovery practice ensued. August 1, 2014, the Lake County Grand Jury returned an indictment charging Mr. Massey with murder in violation of R.C. 2903.02(B), an unclassified felony. August 13, 2014, a change of plea hearing was held, and Mr. Massey entered a written plea of guilty. The trial court advanced immediately to sentencing, imposing a term of imprisonment of 15 years to life.

(R. 10-1, RX 13, PageID #: 153-155; *State v. Massey*, No. 2016-L-030, 86 N.E.3d 30, 31-32 (Ohio Ct. App. Feb. 27, 2017).) Massey did not file a timely appeal of his August 2014 conviction or sentencing.

### A. Motion to Withdraw Plea

On February 4, 2016, Massey filed a motion to withdraw his guilty plea under Ohio Criminal Rule 32.1. (R. 10-1, RX 5.) Massey presented numerous reasons why he should be

3

allowed to withdraw his guilty plea, including ineffective assistance of trial counsel, the fact that he was intoxicated when he committed the crime, and his lack of competency due to psychiatric issues. *Id.* The trial court denied the motion, stating that because the motion was filed nearly a year and a half after he entered his guilty plea, Massey must show the existence of manifest injustice, and failed to do so. (R. 10-1, RX 7, PageID #: 124-125.)

Massey filed an appeal of the trial court's decision, raising a single assignment of error: "The trial court erred and abused its discretion by denying the appellant's motion to withdraw his guilty plea." (R. 10-1, RX 11, PageID #: 138.) The court of appeals affirmed the judgment of the trial court. (R. 10-1, RX 13; *Massey*, 86 N.E.3d 30.)

Massey then filed a *pro se* appeal to the Supreme Court of Ohio, raising the following proposition of law: "Trial court erred and abused its discretion by denying the appellant's motion to withdraw his post-sentence guilty plea." (R. 10-1, RX 16, PageID #: 166.) The state high court declined to accept jurisdiction of the appeal, on July 26, 2017. (R. 10-1, RX 18; *State v. Massey*, 150 Ohio St.3d 1410, 78 N.E.3d 910 (2017).)

## B. Rule 26(B) Application

On May 25, 2017, Massey filed an application to reopen his appeal pursuant to Ohio App. Rule 26(B). (R. 10-1, RX 19.) Massey argued that:

> Appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness during the plea bargain stage of this case, as the defendant's plea of guilty to the charge of murder despite the elements of the offense not being supported by the facts within the record therefore, defendant's sentence is contrary to law.

(R. 10-1, RX 19, PageID #: 202.)

The court of appeals denied his application to reopen, on July 13, 2017. (R. 10-1, RX 22.) The court stated that Massey had failed to supply a mandatory sworn statement, required by

4

Ohio App.R. 26(B)(2)(d), with his application, so the court was unable to entertain the application. (R. 10-1, RX 22, PageID #: 231.) The court also found that his sole proposed assignment of error was without merit. *Id.* at 231-232.

Massey then filed an appeal with the Supreme Court of Ohio on August 28, 2017, setting forth the following proposition of law:

> 1. Appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness during the plea bargain stage of this case, as the defendant's plea of guilty to the charge of murder despite the elements of the offense not being supported by the facts within the record therefore, defendant's sentence is contrary to law.

(R. 10-1, RX 24, PageID #: 236.) The state high court declined to accept jurisdiction of the appeal, on November 1, 2017. (R. 10-1, RX 26; *State v. Massey*, 151 Ohio St.3d 1429, 84 N.E.3d 1065 (2017).)

### C. Petition for Post-Conviction Relief

While his Rule 26(B) application was proceeding, Massey filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21, on July 20, 2017. (R. 10-1, RX 27.) His petition was based on five claims, verbatim:

> 1. Petitioner's convictions and sentence is void or voidable because petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his Attorney failed to timely file and litigate a motion to suppress illegally obtained evidence.
>
> 2. Petitioner's conviction and sentence is void or voidable because petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when petitioner's trial attorney failed to request a psychiatric evaluation for competency in light of petitioner's known mental health history and the nature of the charges against him.
>
> 3. Petitioner's convictions and sentence is void or voidable because he was denied his constitutional right to the effective assistance of counsel as defense counsel coerced the petitioner into entering a guilty plea with the threat that the

5

    petitioner could be charged with two (2) counts of murder and a sentence of thirty (30) years to life thereby making his guilty plea not knowingly, intelligently and voluntarily given.

    4. Petitioner's conviction and sentence is void or voidable because he was denied his constitutional right to the effective assistance of counsel as defense counsel failed to investigate Petitioner's case, failed to interview potential witnesses and failed to prepare for trial and get evidence to present at trial.

    5. Petitioner's conviction and sentence is void or voidable because petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when petitioner's trial counsel failed to request a pre-sentence investigation report (P.S.I.) herein.

(R. 10-1, RX 27, PageID #: 262, 265-266, 269, 272, 277.)

Massey's post-conviction petition was still proceeding through the state court system when he filed this federal habeas petition on July 30, 2018. (R. 1, 3.) The state court of appeals has summarized the proceedings of his post-conviction petition:

    Mr. Massey filed a postconviction relief petition with the trial court, which struck it, due to the lack of a proper certificate of service.[1] Mr. Massey appealed, and we dismissed the appeal, due to the lack of a final appealable order.[2] We ordered the refiling of the petition, and the trial court denied the refiled petition February 14, 2018.[3] This appeal timely ensued...

(*State v. Massey*, No. 2018-L-038, 2019 WL 423191, at *2 (Ohio Ct. App. Feb. 4, 2019).) On February 4, 2019, the state appellate court affirmed the trial court's denial of the state post-conviction petition. *Id.* at *4.

---

[1] *See* R. 10-1, RX 28.

[2] *See* R. 10-1, RX 34.

[3] *See* R. 10-1, RX 40, 41. The re-filed petition contained the same five claims as the original petition for post-conviction relief. *See generally* RX 27, 40.

6

II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

7

Massey has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be denied as untimely filed. (Doc. 10-1, PageID #: 80, 90, 93.)

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Gonzalez v. Thaler*, 566 U.S. 134, 150 (2012); *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003). A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

Massey's conviction became final with the expiration of time for direct review of his conviction and sentencing. Massey was sentenced on his conviction on August 13, 2014. (R.

8

10-1, RX 4, filed August 15, 2014.) Under Ohio law, Massey had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing of August 15, 2014. (R. 10-1, RX 4.) The habeas statute of limitations began to run on September 15, 2014, and expired one year later. *See, e.g.*, *Keeling v. Warden*, 673 F.3d 452, 459-460 (6th Cir. 2012), *cert. denied*, 568 U.S. 839 (2012); *Goodballet v. Mack*, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003). Thus, Massey's petition filed on July 30, 2018, was not filed within the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled, however, while "properly filed" state post-conviction or collateral proceedings are pending. *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517-518 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001); 28 U.S.C. §2244(d)(2). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, *Souter*, 395 F.3d at 585, it will not revive the statute of limitations, or cause it to begin running anew. *Nasouluck v. Haas*, No. 16-2252, 2017 WL 3046563, at *1 (6th Cir. May 10, 2017), *cert. denied*, 138 S. Ct. 226 (2017); *Hill v. Randle*, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); *Searcy*, 246 F.3d at 519; *Leon v. Bradshaw*, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Massey did not file any post-conviction or collateral motions during the limitations period, and the statute of limitation was not tolled. On February 4, 2016, Massey filed a motion to withdraw his guilty plea under Ohio Criminal Rule 32.1. (R. 10-1, RX 5.) By that time, however, the one-year habeas statute of limitations had expired in September 2015. Because Massey filed the collateral motion after the expiration of the limitations period, it fails to revive

the statute, or cause it to begin running anew. *Hill*, 2001 WL 1450711, at \*2; *Searcy*, 246 F.3d at 519; *Leon*, 2006 WL 1624430, at \*4.

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases.[4] *Holland v. Florida*, 560 U.S. 631 (2010). Massey bears the burden of persuading the court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Day v. Konteh*, No. 1:08CV0212, 2009 WL 3321388, at \*10 (N.D. Ohio Oct. 13, 2009). Massey, however, does not raise equitable tolling in his brief in opposition, thus it is waived. *Day*, 2009 WL 3321388, at \*10; *see generally* R. 12.

Rather, Massey's brief in opposition asserts that his state court filings were timely under state law, and contends his federal habeas petition should also be considered timely. (R. 12, PageID #: 637-640.) In this case, federal law and the federal statute of limitations for filing a petition for a writ of habeas corpus are dispositive. Whether Massey's motion to withdraw his guilty plea or his state petition for post-conviction relief were filed timely under Ohio law does not serve to render his federal habeas petition timely, as discussed above. *See, e.g.*, *Nasouluck*, 2017 WL 3046563, at \*1; *Hill*, 2001 WL 1450711, at \*2; *Leon*, 2006 WL 1624430, at \*4.

---

[4] To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 2005)); *Lawrence*, 549 U.S. at 335. The Sixth Circuit has recognized that, "under the test articulated by the Supreme Court in *Holland*, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750 (6th Cir. 2011), *cert. denied*, 568 U.S. 853 (2012).

IV. CONCLUSION

Massey filed his petition for a writ of habeas corpus on July 30, 2018, which is outside the statute of limitations; and, as explained herein, the limitations period is not subject to tolling. Therefore, it is recommended that the motion to dismiss (R. 10) be GRANTED, and the petition for a writ of habeas corpus be dismissed as untimely filed.

s/ David A. Ruiz<br>
David A. Ruiz<br>
United States Magistrate Judge

Date: July 30, 2019

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).