UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gary D. Massey,                                    Case No. 1:18-cv-1759

        Petitioner,

v.                                                 MEMORANDUM OPINION
                                                   AND ORDER

Brigham Sloan, Warden,

        Respondent.

## I.  INTRODUCTION

Petitioner Gary D. Massey, acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his 2014 guilty plea to murder in the Lake County, Ohio Court of Common Pleas. (Doc. No. 1). Respondent filed a motion to dismiss Massey's petition because Massey filed it outside of the statute of limitations. (Doc. No. 10). Magistrate Judge David A. Ruiz reviewed the motion, the petition, and the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I grant Respondent's motion to dismiss. (Doc. No. 17). Massey has filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 18). For the reasons stated below, I overrule Massey's objections and adopt Judge Ruiz's Report and Recommendation.

## II.  BACKGROUND

Massey does not object to Judge Ruiz's description of the factual and procedural history of Massey's case and I adopt those sections of the Report and Recommendation in full. (Doc. No. 17 at 1-6).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

A petitioner generally must file the petitioner's application for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Judge Ruiz reviewed the procedural history of Massey's state-court case and concluded Massey's conviction became final on September 15, 2014, 30 days after he was sentenced on August

15, 2014. Thus, Section 2244(d) required Massey to file his habeas petition on or before September 15, 2015. Instead, Massey filed his habeas petition on July 30, 2018. (Doc. No. 1).

The limitations period is tolled by statute while timely and properly-filed state post-conviction and collateral proceedings are pending. 28 U.S.C. § 2244(d)(2). Those proceedings, however, do not re-set or restart the statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Massey filed his first post-conviction motion, a motion to withdraw his guilty plea, on February 4, 2016. (Doc. No. 10-1 at 16). This filing came after the one-year limitations period expired and therefore none of Massey's state-court filings statutorily toll the limitations period.

Massey contends he is entitled to equitable tolling because his mental health issues made him incapable of timely pursuing his post-conviction and collateral remedies. (Doc. No. 18 at 3-9). Massey acknowledges he did not raise the doctrine of equitable tolling in his opposition to Respondent's motion to dismiss. (Doc. No. 18 at 2). Judge Ruiz concluded Massey had waived any argument based on equitable tolling because Massey failed to raise it. (Doc. No. 17 at 10).

Massey claims he was in a "mental illness induced dormant state" from the time of his guilty plea until February 2016, when he filed his motion to withdraw his guilty plea, "following significant improvements in his mental health through intensive counselling and medical treatment." (Doc. No. 18 at 9).

"To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Massey claims he suffers "from chronic and severe mental disorders, and poor focus of attention and poor auditory attention, making it difficult for [him] to do tasks requiring sustained effort." (Doc. No. 18 at 6). While Massey presents evidence documenting past

3

treatment for his mental health conditions, these documents do not provide a basis for concluding there was a causal connection between Massey's alleged mental illness and his failure to comply with the statute of limitations. *Ata*, 662 F.3d at 742. Nor does Massey offer a basis for concluding his mental illness rendered him incompetent and unable to understand what both AEDPA and Ohio law required of him.

Massey offers only "a blanket assertion of mental incompetence [which] is insufficient to toll the statute of limitations." *Id.* I overrule his objections.

## V. CONCLUSION

For the reasons stated above, I overrule Massey's objections, (Doc. No. 18), to Magistrate Judge Ruiz's Report and Recommendation, (Doc. No. 17), and adopt the Report and Recommendation in full. Respondent's motion to dismiss the petition as untimely, (Doc. No. 10), is granted. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge